IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JERON D. BROWN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-708 |
| | ) |
| **EUGENE RIAZZI, JR., ORLANDO** | ) |
| **HARPER, JEFFERY MANNING,** | ) |
| **EDWARD BORKOWSKI, STEVEN** | ) |
| **STADTMILLER, JOHN DOE**, *Sued* | ) |
| *In their Official And Individual Capacities,* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CONTI, Chief District Judge

Pending before the court in this case[1] is a second motion for the appointment of counsel filed by pro se plaintiff Jeron D. Brown ("plaintiff"), with brief and exhibits in support. (ECF Nos. 17-19.) This court previously denied plaintiff's request for the appointment of counsel because it had "substantial doubts" about the merits of plaintiff's claims. (ECF No. 9.) The court acknowledged, however, that some of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993),[2] weighed in plaintiff's favor. The court instructed plaintiff that he could renew his

---

[1] As this court previously explained, plaintiff alleges that his rights under the United States Constitution, the Uniform Criminal Extradition Act, and state tort law were violated by defendants. Defendants are a district magistrate, the warden of the Allegheny County jail, two judges of the Allegheny County Court of Common Pleas, a district attorney and a defense attorney. In essence, plaintiff alleges that he was wrongfully confined for 235 days on a fugitive bond. The defendants who are judges and the district attorney will be referred to as the "judicial defendants" in this opinion.

[2] The United States Court of Appeals for the Third Circuit in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993) set forth the standard to be applied by district courts when responding to a request for counsel pursuant to the provisions of 28 U.S.C. § 1915(e)(1). The court of appeals announced a series of factors that the trial court should consider if the plaintiff's claims have arguable merit

request if, after seeking to obtain counsel on his own behalf, he was unable to retain legal representation. (ECF No. 9 at 4.)

Plaintiff in his second motion for appointment of counsel informed the court that he sent a letter to four different organizations in an attempt to obtain counsel for this litigation. (ECF No. 18.) While the court commends plaintiff's efforts, he has not otherwise convinced the court that his claims have "arguable merit in fact and law."[3] Tabron, 6 F.3d at 155. The judicial defendants may be entitled to absolute immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (judges have absolute immunity under 42 U.S.C. § 1983 for their judicial acts); Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with judicial phase of the criminal process"). The warden defendant also may be entitled to absolute immunity. Patterson v. Von Riesen, 999 F.2d 1235, 1240 (8th Cir. 1993) (a prison warden is entitled to absolute immunity for continuing to incarcerate prisoner in accordance with a valid order of court). The John Doe public defender named in the complaint most likely would not be considered a state actor under § 1983 for his role in representing defendant in criminal proceedings. Polk County v. Dodson, 454

---

to determine whether to appoint counsel. Id. at 155-56. These factors include: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses. Id. at 156.

[3] Plaintiff in his second motion for appointment of counsel argues that defendants "cannot raise the defense of absolute judicial immunity when jurisdiction is only retained through compliance of The Uniform Crim. Extradition Act procedural safeguards and its limited periods for confinement[.]" (ECF No. 17 at 2.) A review of the complaint, however, shows that plaintiff complains about the actions of the judicial defendants "arising from their official acts." Pinho v. Gonzales, 432 F.3d 193, 212 (3d Cir. 2005). The judicial defendants, therefore, may be entitled to absolute immunity. Plaintiff's argument does not otherwise convince this court that his claims have arguable merit.

U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Under those circumstances, the court still has substantial doubts about the merits of plaintiff's claims, which weighs heavily against appointment of counsel in this case. Some of these immunity issues and other defenses have been raised in the motions to dismiss pending before the court, which will be decided by the court in due course. In light of the court's doubts about the merits of this case at this stage, however, it is not required to consider the other Tabron factors, e.g., plaintiff's efforts to retain counsel on his own behalf. Tabron, 6 F.3d at 155 ("If the district court determines that the plaintiff's claim has arguable merit in fact and law, the court should then consider a number of additional factors that bear on the need for appointed counsel.).

Plaintiff's second motion for appointment of counsel (ECF No. 17) will, therefore, be denied *without prejudice*. Plaintiff is reminded that his responses to the motions to dismiss pending before the court are due within forty-five days of the entry of the order accompanying this memorandum opinion. If plaintiff's complaint survives the motions to dismiss, he may once again renew his request for appointment of counsel.

An appropriate order will be entered.

BY THE COURT,

Dated: December 20, 2017

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Court Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JERON D. BROWN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-708 |
| | ) |
| **EUGENE RIAZZI, JR., ORLANDO HARPER, JEFFERY MANNING, EDWARD BORKOWSKI, STEVEN STADTMILLER, JOHN DOE**, *Sued In their Official And Individual Capacities*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

AND NOW, this 20th day of December, 2017, upon consideration of plaintiff Jeron D. Brown's motion to appoint counsel (ECF No. 17) and for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that plaintiff's motion is DENIED without prejudice.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Cc'd:
**JERON D. BROWN**
#162962
Howard R. Young Correction Institution
PO Box 9561
Wilmington, DE 19809