# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERON D. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> EUGENE RIAZZI, JR., ORLANDO HARPER, JEFFERY MANNING, EDWARD BORKOWSKI, STEVEN STADTMILLER, and JOHN DOE, <br><br> Defendants. | Civil No. 17-708 |

## MEMORANDUM OPINION

Conti, Chief District Judge

## I. INTRODUCTION

Presently before the court are motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with supporting briefs filed by Magisterial District Judge Eugene Riazzi, Jr. ("Judge Riazzi"), the Honorable Jeffery Manning ("Judge Manning") and the Honorable Edward Borkowski ("Judge Borkowski") (collectively, the "Judicial Defendants") and by Allegheny County Assistant District Attorney Steven Stadtmiller ("ADA Stadtmiller"). (ECF Nos. 22, 23, 27 and 28.) The Judicial Defendants and ADA Stadtmiller seek to dismiss the complaint filed by Jeron D. Brown ("plaintiff") for lack of subject-matter jurisdiction and failure to state a claim. Plaintiff filed a response in opposition (ECF No. 37), ADA Stadtmiller filed a reply (ECF No. 41), and plaintiff filed a sur-reply. (ECF No. 42.) For the reasons explained herein, the motions to dismiss will be granted, and plaintiff's complaint will be dismissed.

1

## II. BACKGROUND

On June 15, 2017, plaintiff filed a pro se complaint under 42 U.S.C. §§ 1983 and 1985(2) and (3)[1] against the Judicial Defendants, ADA Stadtmiller, Orlando Harper, who is the warden of the Allegheny County Jail ("ACJ") ("Warden Harper") and an unknown Allegheny County Public Defender identified as a John Doe defendant ("Public Defender Doe") (collectively, "all defendants") in their official and individual capacities[2] alleging violations of his constitutional rights concerning a case against him in the Allegheny County Court of Common Pleas. (ECF No. 3, ¶¶ 3-10). Plaintiff generally claims that all defendants conspired to violate his civil and due process rights under Pennsylvania's Uniform Criminal Extradition Act, 42 PA. CONS. STAT. § 9121, et seq. ("UCEA"), the Federal Extradition Act, 18 U.S.C. § 3182, and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. (Id., Prelim. Stmt.; ¶¶ 27-31.) Plaintiff also alleges state tort law claims against all defendants for malicious intent, fraud, negligence, "breach of duty," and "any other torts deem[ed] appropriate from the facts." (Id., Prelim Stmt.) Plaintiff seeks an award of compensatory, punitive and nominal damages, and a

---

1   Plaintiff appears to have erroneously cited 42 U.S.C. § 1985(2) and (3). The elements of a claim under § 1985(2) are: "(1) a conspiracy between two or more persons (2) to deter a witness by force, intimidation or threat from attending court or testifying freely in any pending matter, which (3) results in injury to the plaintiffs." Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co., 792 F.2d 341, 356 (3d Cir. 1986) (citation omitted). To state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right." Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Plaintiff alleges that all defendants conspired to violate his civil rights, but he does not allege that the purported conspiracy involved witness intimidation or that is was motivated by racial or class based discriminatory animus. Therefore, plaintiff failed to state a claim under § 1985, to the extent he attempted to do so.

2   In an official capacity claim, "the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." Lewis v. Clarke, 137 S. Ct. 1285, 1291 (2017) (citation omitted). Therefore, the real party in interest is the government entity, not the named official. Id. "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer v. Melo, 502 U.S. 21, 25 (1991). In a personal capacity suit, the real party in interest is the individual, not the sovereign. Lewis, 137 S. Ct. at 1291. The identity of the real party in interest dictates what immunities might be available. Id. For example, in an official capacity action, the defendant may assert sovereign immunity, whereas in a personal capacity suit, he may be able to assert personal immunity defenses such as absolute judicial or prosecutorial immunity. Id. (citations omitted).

declaratory judgment that all defendants violated his civil and due process rights under federal and state law. (Id., ¶¶ A.1-5; B.1; C.1-3; D.1.)

On March 27, 2015, plaintiff was arrested by the McKeesport, Pennsylvania Police for violations of the Pennsylvania Crimes Code.[3] (ECF No. 30 at 1-5.) On that same date, plaintiff also was arrested on an outstanding fugitive warrant from Delaware. (Id. at 7; ECF No. 3, ¶ 11.) Judge Riazzi set bail at $100,000 on the fugitive warrant and at $1,000 on the Pennsylvania criminal charges. (ECF Nos. 30-1 and 30-2.) Plaintiff was unable to post bail in either case and he was committed to the ACJ. (Id.; ECF No. 3, ¶ 11.) Plaintiff alleges that Judge Riazzi failed to specify that his commitment was not to exceed a period of 30 days on the fugitive warrant, and therefore he was wrongfully confined for an indefinite period of time. (ECF No. 3, ¶¶ 11, 27.)

On September 24, 2015, plaintiff was convicted of some of the Pennsylvania charges and sentenced to time served in the ACJ and a six-month term of probation. (ECF No. 30-3.) On December 21, 2015, Governor Wolf issued a Pennsylvania Governor's Warrant to effectuate plaintiff's extradition to Delaware to face the charges pending against him there. (ECF Nos. 29 and 29-1.)

Plaintiff claims, however, that hearings to extend his commitment at the ACJ based on the fugitive warrant did not occur in a timely manner. Plaintiff alleges that Judge Borkowski and ADA Stadtmiller conspired to conduct an untimely hearing on November 13, 2015, to extend his commitment at the ACJ. (Id. ¶ 19.) Plaintiff also asserts that Judge Manning, ADA Stadtmiller

---

[3] ADA Stadtmiller attached to his brief in support of the motion to dismiss public records concerning the Pennsylvania and Delaware charges against plaintiff, his commitment to the ACJ and his extradition to Delaware. The court may properly consider the public records in deciding the motion to dismiss. See McBride v. Warden of Allegheny County Jail, 577 F. App'x 98, 99 (3d Cir. 2014) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) ("Although the court is generally limited in its review to the facts contained in the complaint, it 'may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case.'")).

3

and Public Defender Doe conspired to conduct another untimely hearing on November 16, 2015, to further extend his commitment. (Id. ¶¶ 21, 28.) Plaintiff alleges that Judge Borkowski, ADA Stadtmiller and Public Defender Doe conspired to conduct a third untimely hearing on December 23, 2015, which resulted in his extradition to Delaware on January 7, 2016. (Id. ¶¶ 25, 26, 30.)

Plaintiff claims that he filed several writs of habeas corpus contesting his confinement, but he received no response from the state court. (ECF No. 3, ¶¶ 12, 14, 18, 20, 23.) Plaintiff alleges that he also wrote to Warden Harper to request immediate release from confinement, but he did not receive a response until November 23, 2015, indicating that his confinement had been extended. (Id. ¶¶ 17, 24.) According to plaintiff, Warden Harper and ADA Stadtmiller conspired to manipulate arrest records in order to continue to detain him. (Id. ¶ 29.)

The Judicial Defendants moved to dismiss plaintiff's complaint for the following reasons: (1) plaintiff's claims are barred by Eleventh Amendment immunity, absolute judicial immunity and the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994); (2) abstention is proper pursuant to Younger v. Harris, 401 U.S. 37 (1971); and (3) plaintiff failed to state a claim upon which relief can be granted. (ECF No. 23 at 3-9, 11-14.) ADA Stadtmiller also moved to dismiss the complaint because: (1) plaintiff's claims are barred by prosecutorial immunity; and (2) plaintiff failed to state a claim which would entitled him to relief.[4] (ECF No. 28 at 3-7.)

Plaintiff responded that the motions should be denied primarily because the Judicial Defendants lacked jurisdiction to take any action concerning his case and ADA Stadtmiller was not acting in a prosecutorial role, consequently he is not entitled to immunity. (ECF No. 37 at 7, 9, 13, 14, 17). Plaintiff also contends that he stated a conspiracy claim against all defendants. Id. at 18-19.

---

4    Warden Harper and Public Defender Doe did not answer or move to dismiss plaintiff's complaint.

## III. STANDARD OF REVIEW

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). Jurisdictional challenges may be treated as either "facial" or as "factual." See Constitution Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014). A facial attack asserts that a claim "is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." Id. at 358. A facial attack "can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." Id. (citation omitted). On the other hand, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (quoting Constitution Party of Pa., 757 F.3d at 358).

Here, the Judicial Defendants make a facial challenge, arguing that Eleventh Amendment immunity bars plaintiff's claims.[5] When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6),

---

5   A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because it "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996).

5

i.e., construing the alleged facts in favor of the nonmoving party." Constitution Party of Pa., 757 F.3d at 358 (citing In re Schering Plough, 678 F.3d at 243).

## B. Motion to Dismiss Pursuant to Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

"The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. See Fowler, 578 F.3d at 211.

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Because plaintiff is proceeding pro se, the court will liberally construe his complaint and employ less stringent standards than when judging the work product of an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## IV. DISCUSSION

### A. Judicial Defendants

The Judicial Defendants argue that plaintiff's § 1983 claim against them in their official capacity is barred by the Eleventh Amendment and his individual capacity claim should be dismissed because they are entitled to absolute judicial immunity. (ECF No. 23 at 4-9.) The Judicial Defendants are correct on both counts.

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment bars suits against a state in federal court. U.S. CONST. amend. XI. "Suits against state officials in their official capacity [ ] should be treated as suits against the State." Hafer, 502 U.S. at 25. Therefore, a claim against an officeholder of the Commonwealth of Pennsylvania in his official capacity essentially is a claim against the Commonwealth, which is barred by Eleventh Amendment immunity. Conklin v. Anthou, 495 F. App'x 257, 263 (3d Cir. 2012).

The Third Circuit Court of Appeals has ruled that the state courts comprising Pennsylvania's unified judicial system, which include the courts of common pleas, are entitled to Eleventh Amendment immunity. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240-41 (3d Cir. 2005). Magisterial district courts are also a part of Pennsylvania's unified judicial system and are entitled to Eleventh Amendment immunity. See Richardson v. Wilkinsburg Police Dep't, No. 16-0129, 2016 WL 4141084, at *3 (W.D. Pa. Aug. 4, 2016) (citing 42 PA. CONS. STAT. § 301(9); Callahan v. City of Philadelphia, 207 F.3d 668, 672 (3d Cir. 2000)). Pennsylvania has not waived Eleventh Amendment immunity from suit in federal court,[6] and Congress has not

---

6     Pennsylvania specifically has withheld consent to suit in federal court. See 42 PA. CONS. STAT. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

7

abrogated this immunity in enacting 42 U.S.C. § 1983. Conklin, 495 F. App'x at 263 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Wheeling & Lake Erie Ry. Co. v. Pub. Util. Comm'n of Pa., 141 F.3d 88, 91 (3d Cir. 1998); 42 PA. CONS. STAT. § 8521(b)).

Plaintiff's § 1983 official capacity claim against the Judicial Defendants is, in essence, a claim against the Allegheny County Court of Common Pleas and the Magisterial District Court, entities which are both entitled to Eleventh Amendment immunity. As such, the Judicial Defendants are protected by Eleventh Amendment immunity, and the official capacity claim against them will be dismissed for lack of subject-matter jurisdiction.[7]

### 2. **Judicial Immunity**

Judges have absolute immunity from suit for actions taken in their judicial capacity in cases over which they have jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . [unless] he has acted in the 'clear absence of all jurisdiction.'" Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). The case law therefore is clear that judicial immunity is overcome in only two circumstances: (1) where a judge's actions are not taken in his judicial capacity; and (2) where a judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12.

Plaintiff did not allege any facts to show that the Judicial Defendants acted outside of their judicial capacity or in the clear absence of all jurisdiction. First, all the actions allegedly

---

7      As stated, Eleventh Amendment immunity "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak, 77 F.3d at 693 n.2. Moreover, the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993). Therefore, plaintiff's claim for declaratory relief that the Judicial Defendants' past actions violated federal law is not permitted.

8

undertaken by the Judicial Defendants -- committing plaintiff to the ACJ, setting bail, conducting hearings and entering orders extending his detention and authorizing his extradition -- were actions taken in their capacity as a judge. Second, the Judicial Defendants had jurisdiction over plaintiff's case when they took those actions. For immunity to apply, a judge need only "ha[ve] jurisdiction over the subject matter before him" at the time he took the challenged action. Stump, 435 U.S. at 356. The Pennsylvania Courts of Common Pleas have "unlimited original jurisdiction of all actions and proceedings," and magisterial district judges have jurisdiction over preliminary matters in criminal proceedings, including presiding at arraignments and fixing bail. 42 PA. CONS. STAT. §§ 931(a), 1515(a)(4). In accordance with this authority, the Judicial Defendants properly had jurisdiction over plaintiff's case, and even if their decisions or orders were erroneous or the hearings were untimely, as plaintiff alleges, they still are entitled to absolute judicial immunity. For these reasons, plaintiff's individual capacity claim against the Judicial Defendants will be dismissed.[8]

### B. ADA Stadtmiller

ADA Stadtmiller argues, inter alia, that he is entitled to absolute prosecutorial immunity[9] relative to his participation in the hearings to extend plaintiff's detention and eventually extradite him to Delaware. (ECF No. 28 at 3-4.) ADA Stadtmiller also argues that plaintiff failed to state a claim against him for allegedly conspiring with Warden Harper to continue to detain him. (Id. at 7.) ADA Stadtmiller is correct and plaintiff's § 1983 claims against him will be dismissed.

---

8   Although the Judicial Defendants raised other arguments in support of their motion to dismiss, the court need not address them as Eleventh Amendment immunity and absolute judicial immunity dispose of plaintiff's claims asserted against them.

9   Prosecutorial immunity is properly raised in a Rule 12(b)(6) motion. Odd v. Malone, 538 F.3d 202, 207 (3d Cir. 2008).

9

### 1. **Prosecutorial Immunity**

"Absolute prosecutorial immunity affixes to actions 'intimately associated' with the judicial aspects of litigation, but not to administrative and investigatory conduct not related to conducting or initiating judicial proceedings." Church of Universal Love & Music v. Fayette County, 892 F. Supp. 2d 736, 751 (W.D. Pa. 2012) (citing Odd, 538 F.3d at 208). Analysis of prosecutorial immunity questions requires a court to make two basic determinations: (1) "just what conduct forms the basis for the plaintiff's cause of action," and (2) "what function (prosecutorial, administrative, investigative, or something else entirely) that act served." Schneyder v. Smith, 653 F.3d 313, 332 (3d Cir. 2011). Under this functional approach, a prosecutor is entitled to absolute immunity for actions performed in a judicial or quasi-judicial capacity. Odd, 538 F.3d at 208. Relevant here, the Supreme Court has ruled that a prosecutor enjoys absolute immunity from a § 1983 suit seeking damages for actions taken by the prosecutor that are "intimately associated with the judicial phase" of litigation. Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Plaintiff primarily claims that ADA Stadtmiller participated in hearings conducted by Judges Borkowski and Manning to extend his detention and eventually extradite him to Delaware. (ECF No. 3, ¶¶ 19, 21, 25.) ADA Stadtmiller participated in the hearings as an advocate on behalf of the Commonwealth, conduct which clearly was a prosecutorial function intimately associated with the judicial phase of litigation. Odd, 538 F.3d at 208 (for absolute immunity to apply, a prosecutor must show that he was functioning as the state's advocate when performing the action in question). Because ADA Stadtmiller's actions with respect to the hearings and the extradition process were within the core functions of his role as a prosecutor, he is entitled to absolute immunity. See Rivera v. Algarin, 350 F. App'x 703, 708 (3d Cir. 2009) (prosecutor's efforts in

connection with extradition proceedings against prisoner are prosecutorial in nature, thus prosecutor is entitled to immunity from liability). Accordingly, plaintiff's claim against ADA Stadtmiller in his individual capacity under § 1983 for allegedly conspiring with the Judicial Defendants to violate his constitutional rights will be dismissed.[10]

## 2. **Failure to State a Claim**

Plaintiff alleges that ADA Stadtmiller and Warden Harper conspired to manipulate arrest records to continue to detain him. (ECF No. 3, ¶ 29.) Accepting this allegation as true, ADA Stadtmiller's action was not intimately associated with the judicial phase of litigation, and he would not be entitled to prosecutorial immunity for this claim. However, ADA Stadtmiller argues, and the court agrees, that plaintiff failed to state a § 1983 conspiracy claim for violation of his constitutional rights. (ECF No. 28 at 7.)

To state a § 1983 conspiracy claim, a plaintiff must allege that two or more conspirators reached an agreement to deprive him of a constitutional right under color of law. Berrios v. City of Philadelphia, 96 F. Supp. 3d 523, 534 (E.D. Pa. 2015). Such a conspiracy requires a meeting of the minds. Startzell v. City of Philadelphia, 533 F.3d 183, 205 (3d Cir. 2008); Matthews v. Beard, No. 11-221J, 2012 WL 2192225, at *6 (W.D. Pa. June 14, 2012) ("Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity."). Allegations of conspiracy must be particularized, and must address the period of the conspiracy, the object of the conspiracy and

---

[10] Plaintiff also sued ADA Stadtmiller in his official capacity. Official capacity claims "represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 690 n.55 (1978). "[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citing Monell, 436 U.S. at 694). Plaintiff failed to identify any policy or custom of the Allegheny County District Attorney's Office that caused the alleged violation of his constitutional rights. Thus, plaintiff's official capacity claim against ADA Stadtmiller will be dismissed. See Reihner v. Washington County, Pa., No. 15-143, 2015 WL 6737972, at *2 (W.D. Pa. Nov. 4, 2015) (dismissing § 1983 action against assistant district attorney in his official capacity where plaintiffs failed to indicate that any alleged violations stemmed from an official custom or policy).

11

certain actions of the alleged conspirators taken to achieve that purpose. Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989).

Plaintiff failed to allege a § 1983 conspiracy claim. Although plaintiff speculates that ADA Stadtmiller and Warden Harper conspired to manipulate arrest records, he did not allege any facts that plausibly suggest an agreement between them to violate his constitutional rights or that they engaged in any concerted activity to do so. For these reasons, plaintiff's § 1983 conspiracy claim against ADA Stadtmiller will be dismissed.

### C. Warden Harper and Public Defender Doe

Warden Harper and Public Defender Doe did not answer or move to dismiss plaintiff's complaint. Nevertheless, for substantially the same reasons already discussed concerning the moving defendants, plaintiff can not sustain a claim against Warden Harper or Public Defender Doe, and the court will sua sponte dismiss the claims against them. See Minnesota Lawyers Mut. Ins. Co. v. Ahrens, 432 F. App'x 143, 147-48 (3d Cir. 2011) (quoting Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) ("The district court may on its own initiative enter an order dismissing [an] action provided that the complaint affords a sufficient basis for the court's action.")); Silverstein v. Percudani, 422 F. Supp. 2d 468, 473 (M.D. Pa. 2006) (dismissing claim sua sponte against a defendant who had not answered or moved to dismiss because the claim suffered the same defects raised in the moving defendants' motion to dismiss).

Plaintiff alleges that Public Defender Doe conspired with ADA Stadtmiller and Judges Manning and Borkowski to violate his constitutional rights by participating in untimely hearings to extend his confinement and eventually extradite him. (ECF No. 3, ¶¶ 21, 25, 28, 30.) A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325

(1981). Plaintiff did not allege that Public Defender Doe performed functions outside of the traditional role as counsel to a criminal defendant. Therefore, Public Defender Doe is not a state actor against whom plaintiff can bring a § 1983 claim. See Carter v. Kane, 717 F. App'x 105, 108 (3d Cir. 2017) (holding that public defender was not a state actor against whom prisoner could bring § 1983 claim).

Likewise, plaintiff failed to state a claim against Warden Harper. Plaintiff alleges that he wrote to Warden Harper to request immediate release from the ACJ, but he did not receive a response until November 23, 2015, indicating that his confinement had been extended. (ECF No. 3, ¶¶ 17, 24.) To the extent plaintiff alleges that Warden Harper unconstitutionally detained him, plaintiff's § 1983 individual capacity claim will be dismissed. As warden of the ACJ, Warden Harper was bound to act pursuant to the state court orders extending plaintiff's commitment. An "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003). Plaintiff did not allege that the court orders were invalid on their face. Therefore, Warden Harper is entitled to absolute immunity from plaintiff's § 1983 individual capacity claim.[11] McGeachy v. Doe, 444 F. App'x 510, 512 (3d Cir. 2011) (warden and other correctional facility employees were absolutely immune from suit under § 1983 for their actions in carrying out valid court order for arrestee's extradition); Rivera, 350 F. App'x at 709 (warden had absolute immunity from § 1983

---

[11] Plaintiff's official capacity claim against Warden Harper also will be dismissed. The ACJ is a county prison, and courts have ruled that a county prison does not have the legal capacity to be sued in its own name. Phillips v. Northampton County, No. 14-6007, 2016 WL 4944221, at *10 (E.D. Pa. Sept. 14, 2016) (citing Phillips v. Miller, No. 3:-09-0555, 2010 WL 771793, at *2 (M.D. Pa. Feb. 26, 2010)); Birckbichler v. Butler County Prison, No. 07-1655, 2009 WL 2986611, at *5 (W.D. Pa. Sept. 17, 2009) (collecting decisions holding that a county jail is not a legal entity amenable to suit). If the ACJ does not have the capacity to be sued, Warden Harper can not be sued in his official capacity and that claim will be dismissed. See Horne v. District Attorney York County, 499 F. App'x 140, 142 (3d Cir. 2012) (Eleventh Amendment barred inmate's § 1983 claims against warden of the York County Prison in his official capacity).

action for alleged unlawful detention where prisoner was detained pursuant to a state court's facially valid commitment order).

Plaintiff also claims that Warden Harper conspired with ADA Stadtmiller to violate his constitutional rights by manipulating arrest records in order to continue to detain him.[12] (ECF No. 3, ¶ 29.) As discussed above, plaintiff failed to allege facts that plausibly suggest an agreement between Warden Harper and ADA Stadtmiller or that they engaged in any concerted activity to violate his constitutional rights. The claim against Warden Harper also will be dismissed for failure to state a § 1983 conspiracy claim.

### D. State Law Claims

Plaintiff listed in the "Preliminary Statement" section of his complaint that he alleges "state torts of malicious intent, fraud, negligence, breach of duty and any other torts deem[ed] appropriate from the facts." (ECF No. 3, Prelim. Stmt.) Even if plaintiff's complaint contained allegations sufficient to state a claim for any of these state law torts, which it does not, the only basis for the court to consider these claims is under supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. Section 1367 states, in pertinent part, that "[t]he district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, the court declines to

---

12 Plaintiff appears to seek discovery on his claim that Warden Harper and ADA Stadtmiller conspired with one another. (ECF No. 37 at 19.) Plaintiff failed to state a claim which would entitle him to relief, thus he is not entitled to discovery. See Iqbal, 556 U.S. at 686 ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

exercise supplemental jurisdiction over any of plaintiff's state claims and will dismiss them without prejudice to his ability to bring them in state court.[13]

## V. **CONCLUSION**

For the foregoing reasons, the motions to dismiss filed by the Judicial Defendants and ADA Stadtmiller will be granted. The court ordinarily must allow a civil rights plaintiff to amend his complaint before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). In view of the immunity doctrines discussed above, amendment would be futile as to plaintiff's § 1983 claim. Accordingly, plaintiff's complaint will be dismissed in its entirety as to all defendants with prejudice.

An appropriate order follows.

s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

Date: May 30, 2018

---

13    Nevertheless, plaintiff's state claims may be barred by sovereign immunity and other immunity doctrines available to defendants. See, e.g., 1 PA. CONS. STAT. § 2310 ("[T]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity."); Dunham v. McElynn, 772 A.2d 68, 69-70 (Pa. 2001) (assistant district attorneys are entitled to the absolute immunity accorded to high public officials for actions taken in the course of their official duties); Feingold v. Hill, 521 A.2d 33, 36 (Pa. Super. Ct. 1987) ("[T]he law in Pennsylvania is well established that judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over the subject matter and person.").